UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA A. STEPHENS,

    Plaintiff,

v.                                                  Case No. 4:23-cv-387-WS-MJF

JOHN POLISKNOWSKI, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Joshua A. Stephens, proceeding *pro se*, initiated this action on August 23, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. At the time, Stephens was a pretrial detainee confined at the Florida State Hospital ("FSH") upon being adjudged incompetent to proceed on a criminal charge pending in Duval County, Florida. Doc. 1. Stephens's complaint challenged the conditions of his confinement at FSH. *Id.*

On September 6, 2023, the undersigned denied without prejudice Stephens's application for leave to proceed *in forma pauperis* because it was incomplete. Doc. 4. Specifically, the application did not include the

required affidavit, prisoner consent form, and account printout. With regard to the account printout, the undersigned explained to Stephens that the *in forma pauperis* statute requires him to provide a printout of transactions in his inmate/resident trust account(s) for the 6-month period preceding the filing of his complaint. *See* Doc. 4 at 2 (citing 28 U.S.C. § 1915(a)). The undersigned ordered Stephens to pay the $402.00 filing and administrative fee or file a complete application for leave to proceed *in forma pauperis*, by October 6, 2023. *Id*. The undersigned warned Stephens that failure to comply with the order likely would result in this case being dismissed.

In response, Stephens filed a renewed application for leave to proceed *in forma pauperis*, Doc. 7. That application, however, also was incomplete because it included an account printout from only the Florida State Hospital and for only a 1-week period (September 8-15, 2023). *See* Doc. 7 at 5. Accordingly, on October 10, 2023, the undersigned deferred ruling on Stephens's renewed application and required Stephens to pay the filing fee or supplement the application by filing a printout of transactions in his Jail trust account for the period March 11 to July 6,

2023, **AND** a printout of transactions in his Florida State Hospital resident account for the period July 6 to September 8, 2023. Doc. 9.[1] The undersigned set a compliance deadline of November 9, 2023, and warned Stephens, again, that failure to comply with the order likely would result in this case being dismissed. *Id.* at 3-4.

In response, Stephens filed an additional account printout from FSH for the period August 14, 2023 to September 11, 2023. Doc. 10. Stephens also filed two handwritten requests to proceed *in forma pauperis*. Docs. 12, 13. None of these filings satisfied the requirements of the order dated October 10, 2023.

Accordingly, on November 16, 2023, the undersigned ordered Stephens to show cause why this case should not be dismissed for failure to comply with the orders dated September 6, and October 10, 2023. Doc. 15. The undersigned explained to Stephens: (1) why his filings did not

---

[1] Plaintiff's filings indicated that he was confined at the "Jacksonville County Jail" from the date of his arrest on March 11, 2023, until his transfer to the Florida State Hospital on July 6, 2023. Doc. 1 at 2-3; Doc. 6 at 7. The undersigned provided Plaintiff the address of the Jail (called the "John E. Goode Pretrial Detention Facility" where he could request an account printout. *See* Doc. 9 at 3 n.1.

satisfy the requirements of those orders, and (2) that the court-ordered account printouts are necessary—and required by statute—in order to assess an initial partial filing fee. Doc. 15. The show-cause order set a response deadline of December 18, 2023; instructed Stephens precisely what was his response to the show-cause order must include; and warned Stephens that failure to comply with the show-cause order likely would result in this action being dismissed. *Id*. at 3-4.

To date, Stephens has not complied with the orders dated September 6 and October 10, 2023, and has not responded to the show-cause order issued on November 16, 2023.[2]

---

[2] A copy of the show-cause order was mailed to Stephens at his address of record on November 16, 2023. Doc. 15 (Receipt). The mail was forwarded by FSH to the Duval County Jail (at the address for the John E. Goode Pretrial Detention Facility) without Stephens's Jail inmate number. *See* Doc. 16. On December 18, 2023, the clerk of this court found Stephens's Jail inmate number (#2023006225) and, as a one-time courtesy, re-mailed a copy of the show-cause order to Stephens at the Jail with his Jail inmate number on the mail. Doc. 16, Attach. 1. The clerk of court notified Stephens, however, of the District Court's policy requiring him to file a notice of change of address, and provided Stephens with the required form. *Id*. That mail has not been returned to the court. Stephens has not filed a notice of change of address.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's repeated failure to comply with orders of this court.[3]

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 18th day of January, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to**

---

[3] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

**object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**